IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:21-cr-00032-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JESUS CARDENAS, | |
| Defendant. | |

Sarah Barr
United States Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

    Attorney for Plaintiff

Michelle M. Sweet
Federal Public Defender's Office
101 SW Main St, Ste 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Jesus Cardenas moves for a reduction of his sentence from 60 to 54 months pursuant to 18 U.S.C. § 3582(c)(2). Def. Mot., ECF 58. The Government opposes the Motion. ECF 56. For the following reasons, the Court denies the Motion.

## BACKGROUND

On February 2, 2021, Defendant was indicted for possession with the intent to distribute fentanyl. ECF 1. Defendant was arrested on June 3, 2021; he was carrying fentanyl when he was arrested. Presentence Report ("PSR") ¶ 27, ECF 43. Defendant was released pending trial. ECF 14. On May 24, 2022, Defendant pled guilty to possessing with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Plea Pet., ECF 29. A week before Defendant's scheduled sentencing, his pretrial services officer petitioned for a warrant of arrest based on Defendant's continued distribution of fentanyl. ECF 37. Investigators received reliable information that Defendant had continued to deal fentanyl since March 2022. PSR ¶ 28a. In September 2022, one of Defendant's customers told investigators that she had been buying fentanyl from Defendant for the past two years and that he had contacted her daily for the past two months to sell her fentanyl. *Id.* ¶ 28d. The Court continued the sentencing. ECF 40.

On October 14, 2022, the Court held a sentencing hearing, at which it sentenced Defendant to 60 months' imprisonment, consistent with the parties' stipulation. ECF 48, 49. The Court found that Defendant's total offense level was 22, his criminal history category was I, and the guideline range was 41 to 51 months. Statement of Reasons 1, ECF 50. The Court varied upwardly from the Guidelines on a joint motion by both parties based on the uncharged conduct. *Id.* at 3. The Court indicated that this sentence was consistent with the statutory sentencing factors. *Id.* Defendant has a projected release date of June 5, 2025. Def. Mot. 2.

2 – OPINION & ORDER

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also* *Dillon v. United States*, 560 U.S. 817, 824-25 (2010).

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## DISCUSSION

The Court concludes that Defendant is eligible to reduce his sentence, but that his proposed reduction would not be consistent with the sentencing factors.

### I.  Eligibility for Reduction

Defendant argues that he is eligible to reduce his sentence under the retroactive amendment to § 4C1.1(a) of the Sentencing Guidelines because he is a zero-point offender. Def. Mot. 1-2. A 2023 amendment to the Sentencing Guidelines provides for a two-level reduction in offense levels for offenders who meet ten listed criteria. U.S.S.G. § 4C1.1(a). Those criteria are:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

3 – OPINION & ORDER

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.

*Id.* This amendment applies retroactively to qualifying defendants. *Id.* § 1B1.10(d) (Nov. 1, 2023) (stating that Part B, subpart 1 to Amendment 821 applies retroactively).

The applicable policy statement provides: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). In determining whether and to what extent a sentence should be reduced, the court should substitute only the relevant amendment "and shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1).

Defendant asserts that under the retroactive amendment to § 4C1.1(a), his offense level is now 20, with a guideline range of 33-41 months. Def. Mot. 2. He states that he is eligible for a reduction to time served or 47 months, but "[h]e is requesting a reduction to only 54 months to preserve the full one-year reduction he is eligible for having completed the in-custody portion of RDAP," the Residential Drug Abuse Program. *Id.*

The Government agrees that Defendant is a zero-point offender, but argues that he is not eligible for a reduction because his sentence was not "based on" a subsequently lowered guideline range. Gov. Resp. 4. Instead, the Government argues, Defendant's sentence "was 'based on' the parties' negotiated settlement that selected an appropriate sentence that specifically considered his conduct that was *not* included in the relevant conduct calculation, and thus *not* part of his guideline range." *Id.* at 6.

4 – OPINION & ORDER

In most cases, a defendant's sentence is based on the applicable guideline range, even if the sentencing judge departs from that range. *Hughes v. United States*, 584 U.S. 675, 688 (2018). "If the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id.* at 687 (internal quotations and citation omitted). This exception to the general rule applies only with a "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 688.

The record shows that Defendant's sentence was based on the Guidelines. Although the Government originally agreed to seek a sentence at the low end of the applicable guideline range as part of Defendant's plea deal, it changed its position after Defendant was arrested for continuing to deal fentanyl and instead proposed a 60-month sentence. Gov. Sent. Mem. 3-5, ECF 44. Defendant, through counsel, stipulated to that sentence at the sentencing hearing. Counsel for the Government referenced the applicable guideline range at the hearing and stated that the Government was recommending 60 months based on Defendant's conduct after he entered into his plea deal. The Government noted that when Defendant's car was searched, around 130 fentanyl pills were seized.

The Court stated that it had considered the advisory guideline range, which was 41 to 51 months. The Court then reviewed Defendant's conduct and the sentencing factors, and stated that it was departing from the guideline range based on Defendant's post-plea conduct. The Court also noted that Defendant had stipulated to the departure. Defendant's sentence does not fall into the narrow group of cases where the guideline range was irrelevant. The Court used the Guidelines as a starting point and upwardly departed. Defendant is eligible for a sentence

5 – OPINION & ORDER

reduction under § 2582(c)(2) based on the retroactive amendment for zero-point offenders. The Court therefore assesses whether Defendant's proposed reduction would be consistent with the sentencing factors.

## II.     Sentencing Factors

The sentencing factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to, among other things, "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; (5) "any pertinent policy statement," and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(6).

Defendant argues that his proposed reduction is consistent with the sentencing factors for three reasons. First, he asserts that "a reduction promotes uniformity in sentencing and is consistent with the Commission's finding that zero-point offenders (like Mr. Cardenas) are the *least* likely to reoffend of all federal offenders and have systemically received overly harsh sentences in the past." Def. Mot. 10. Second, he argues that his proposed reduction "is equitable and consistent with the Court's intent at sentencing that Mr. Cardenas be punished more harshly due to his conduct while on pretrial release." *Id.* Third, he states that he has completed RDAP, which makes him eligible for early release; and that he has a home, family, and job prospects to return to. *Id.* at 11-13.

The Government responds that reducing Defendant's sentence is inappropriate because he continued to deal fentanyl on pretrial release and after entering a guilty plea. Gov. Resp. 8. The Government argues that this conduct "reflects an elevated need for his sentence to promote respect for the law, provide just punishment for the offense, afford adequate specific and general deterrence, and protect the public." *Id.* The Government points out that Defendant distributed fentanyl for at least two and a half years, distributing hundreds of pills in that time. *Id.* The Government also argues that Defendant was not sentenced based on overly harsh policies but on his post-plea conduct, which was not captured by the guideline calculation process. *Id.* at 9-10. And the Government states that Defendant's eligibility for early release does not affect the analysis of the sentencing factors. *Id.* at 10.

The Court concludes that reducing Defendant's sentence would not be consistent with the sentencing factors. The sentence accounted for both the charged conduct and Defendant's continued dealing of fentanyl after he was charged. Although Defendant is a zero-point offender, he continued to deal fentanyl even after entering his guilty plea and as his sentencing approached. His conduct shows a lack of respect for the law and a risk that he will continue to deal fentanyl in the future. The full sentence is needed to reflect the seriousness of his conduct and promote respect for the law. Defendant was also sanctioned in April 2023 for possessing drugs or alcohol. Def. Mot. Ex. 2 at 5.

Defendant has shown efforts to improve himself. He states that he has taken anger management classes, worked toward his GED, and completed RDAP. Def. Mot. 4. The Court is glad to hear that Defendant is pursuing these opportunities, but his improvements do not outweigh his offense conduct. Defendant states that he is eligible for early release based on completing RDAP. *Id.* If he completes a four-month transitional component, he will receive a

one-year reduction in his sentence. *Id.* Thus, a mechanism already exists to account for Defendant's completion of RDAP. A further reduction of his sentence here is not warranted under the circumstances.

The Court does not find that reducing Defendant's sentence would promote uniformity in sentencing or reduce sentencing disparities. Although Defendant is a zero-point offender, his sentence reflects additional, uncharged conduct. The Government could have charged that conduct. Defendant's sentence resulted from his choice to continue dealing fentanyl and his stipulation to the Government's proposal of 60 months, not from harsh sentencing policies. Defendant's Motion eloquently explains that the Sentencing Commission's amendment for zero-point offenders was based on information that these offenders are less likely to reoffend. Def. Mot. 6. Defendant, however, continued to offend after he was charged and after he signed a plea petition accepting responsibility. While he may not fall within one of the excluded classes of persons under § 4C1.1(a), reducing his sentence would not be consistent with the sentencing factors.

### III.    Danger to the Community

Finally, the Government argues that Defendant continues to be a danger to the community. Gov. Resp. 11. The applicable policy statement provides: "The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction." U.S.S.G. § 1B1.10 cmt. app. n. 1(B)(ii). The Government argues that Defendant is a danger to the community because he continued to deal fentanyl despite multiple arrests and a plea deal. Gov. Resp. 11. The Government also points out that Defendant plans to return to the home where he lived when he was distributing fentanyl, and

that he plans to return to his partner, who helped him distribute fentanyl. *Id.* at 12 (citing PSR ¶¶ 18, 21).

Defendant has shown some evidence of rehabilitation, such as completing RDAP and anger management classes, which weighs against finding that he is a danger to the community. His conversations with his partner and mother suggest that he intends to avoid drugs and seek lawful employment. Def. Mot. Exs. 3, 4. But the Court cannot conclude that the risk to the community from Defendant has abated. Defendant continued to deal fentanyl despite entering into a plea deal purporting to accept responsibility, and he was dealing right before his originally scheduled sentencing. He was sanctioned last year for possessing drugs and alcohol. Not even two years have passed since Defendant was sentenced. The Court finds that Defendant poses enough risk to the community that reducing his sentence is not appropriate at this time. In conclusion, the Court declines to reduce Defendant's sentence because his sentence was appropriate when it was imposed and continues to be appropriate today.

## CONCLUSION

Defendant's Motion to Reduce Sentence [58] is DENIED.

IT IS SO ORDERED.

DATED: _____September 9, 2024_____

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER